IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HENRY GRANT, #02391001 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv393 |
| TEXAS REHABILITATION PROGRAM, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Henry Grant, a prisoner confined in the Cheyenne Center in Houston, Texas, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On January 9, 2023, the Court ordered Plaintiff to file a second amended complaint. (Dkt. #22). On February 24, 2023, Plaintiff filed a motion for extension of time to submit his second amended complaint. (Dkt. #24). He stated that he had been transferred to a new facility and needed additional time to submit his amended complaint. The Court granted his motion and instructed Plaintiff to file his second amended complaint by no later than June 1, 2023. (Dkt. #25). Plaintiff received the order on or about March 13, 2023. (Dkt. #26). The order was mailed to Plaintiff at his last known address, which was the Cheyenne Center in Houston, Texas.

As of today, Plaintiff has not filed a second amended complaint, nor has he filed a second motion for extension of time to file the amended complaint. In the Order, Plaintiff was warned that the failure to comply with the Order may result in the dismissal of the complaint. He has failed to prosecute this case.

1

The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164 (5th Cir. 1980).

## Recommendation

It is therefore recommended that the complaint be dismissed without prejudice for want of prosecution and failure to obey an order. Fed. R. Civ. P. 41(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 16th day of June, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

2